PEOPLE v. BEAUCHAMP.

1. INDICTMENT AND INFORMATION—SUFFICIENCY—NEGLIGENT HOMICIDE—SPECIFIC ACTS—STATUTES.

Information charging negligent homicide and alleging that defendant, while under influence of intoxicating liquors, did drive his car at high and immoderate rate of speed, etc., *held*, sufficient, under statute, as against objection that it does not set up duties imposed upon defendant which were neglected or improperly performed (Act No. 328, Pub. Acts 1931, § 324).

As to form of charging negligent homicide, see annotation in 61 L. R. A. 298.

As to when intoxication may be shown in case of homicide, see annotation in 36 L. R. A. 467; 13 L. R. A. (N. S.) 1024; 25 L. R. A. (N. S.) 376; 52 L. R. A. (N. S.) 230.

As to homicide or assault in connection with operation of automobile at unlawful speed, see annotation in 46 A. L. R. 1060.

2. CRIMINAL LAW—NEGLIGENT HOMICIDE—EVIDENCE OF INTOXICA-
TION—INSTRUCTIONS.

.In prosecution for negligent homicide, where it was charged that
defendant was under influence of intoxicating liquors at time
offense was alleged to have been committed, there was no error
in admission of testimony relative to defendant's ·condition
in said respect, or in instruction that jury had right to con-
sider whether defendant was in fact under influence of intoxi-
cating liquors at time alleged (Act No. 328, Pub. Acts 1931,
§ 324).

3. SAME—CORPUS DELICTI—SUFFICIENCY OF EVIDENCE.

In prosecution for negligent homicide, finding of jury that de-
ceased met his death by being struck by defendant's automo-
bile, *held*, warranted from testimony of defendant, his com-
panion, and a pedestrian who was a short distance away, al-
though there was no witness to collision (Act No. 328, Pub.
Acts 1931, § 324).

4. SAME—PROPER LIGHTS—PRESUMPTIONS—STATUTES.

In prosecution for negligent homicide, where victim's death was
caused by collision with defendant's automobile after dark,
it will be presumed that car was equipped with lights as re-
quired by statute, in absence of evidence to contrary (1 Comp.
Laws 1929, § 4736).

5. SAME—MOTOR VEHICLES—DRIVING IN CARELESS OR RECKLESS
MANNER.

Finding of jury that defendant charged with negligent homicide
was driving in careless, reckless, or negligent manner at time
of collision, *held*, justified under proof (Act No. 328, Pub.
Acts 1931, § 324).

Appeal from Iron; Bell (Frank A.), J. Sub-
mitted October 14, 1932. (Docket No. 201, Calendar
No. 36,437.) Decided December 6, 1932.

Frank Beauchamp was convicted of negligent
homicide. Affirmed.

*M. S. McDonough,* for appellant.

*Paul W. Voorhies,* Attorney General, and *Leigh
C. Caswell,* Prosecuting Attorney, for the people.

SHARPE, J. On the afternoon of December 8, 1931, the defendant, a resident of Iron River, in the county of Iron, accompanied by a woman named Mabel Christensen, drove to Chicagoan Lake, a distance of about 10 miles from Iron River. They remained there for about two hours, and started back about 4:30. When near the railroad tracks serving the Hiawatha mine, and after dark, the car, an Oldsmobile coach, struck and killed a man named John Makala. Neither of them saw him. Mabel testified that she at one time felt a "bump," and defendant testified, "I thought I was sideswiped by a truck, which had no headlights on it;" that he drove on to his oil station in Iron River and stopped and discovered that the front of his car was damaged, and at once drove back to the scene of the accident, where he found the county coroner, W. J. Johns, and several others. They both admitted that they had drunk some whisky while at the lake, and there is competent evidence that he was at that time under its influence. He was placed under arrest, and was later charged with negligent homicide, bound over to the circuit court, tried by a jury, convicted, and sentenced to from one to five years' imprisonment. He here seeks review by appeal.

The statute (Act No. 328, Pub. Acts 1931, § 324) provides:

"Any person who, by the operation of any vehicle at an immoderate rate of speed or in a careless, reckless or negligent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of a felony, punishable by imprisonment in the State prison not more than five years or by a fine of not more than two thousand five hundred dollars."

A motion was made to quash the information for the reason that it "does not set up the duties imposed upon the respondent, which were neglected or improperly performed." Reliance is placed upon *People* v. *Maki*, 245 Mich. 455, wherein it was held that in such a case the information "must state specifically the negligence which is relied upon as the cause of death." We have read the information with care, and are satisfied that it fairly complied with the requirements pointed out in that case. In it the court was informed that the defendant "(while he was under the influence of intoxicating liquors)," did drive his car at a high and immoderate rate of speed, etc. In his instructions to the jury the trial court said:

"You will notice that the information states that this driving is charged as being done while under the influence of intoxicating liquor. This is not a charge of driving an automobile while under the influence of intoxicating liquor. It is merely descriptive, and in no event could you find this man guilty of killing Makala, while driving when he was drunk, because the charge is, driving at an immoderate rate of speed, or in a careless and reckless manner; and you must find that he did all or some of these things. And in passing upon that question, you have the right to consider whether or not the man was in fact under the influence of intoxicating liquor at the time he collided with Makala."

We find no error in the admission of the testimony relative to the defendant's condition in this respect or in the instructions as above given.

The deceased was employed at the Hiawatha mine, and had quit work for the day. Another employee, Henry Perry, testified that while on his way to his home, and when about 80 feet from the

highway, he saw a car passing along it to the north, "going at a rapid rate of speed." Soon thereafter he "heard a crash," and when walking down the highway he came upon the body of the deceased lying near the center of the highway at a point about 150 feet from where the car passed him; that he found a blood spot and a small piece of red glass close to the west curb of the pavement and a large blood spot some distance away, near where the body then lay.

While there was no witness to the collision, the jury were warranted in finding from the testimony of Perry and Mabel Christensen and the defendant himself that the deceased met his death by being struck by defendant's car. Miss Christensen felt the "bump" as the car hit or passed over some object, and, while defendant testified that he supposed he had been sideswiped by a truck without lights, on being shown the pictures which had been taken of his car after the collision and being asked: "So the collision you had that day was directly to the front of the car, wasn't it?" he answered, "Yes, sir." There is evidence that, while there was snow in the gutters, the pavement was bare, and that it was "a nice bright night."

It will be presumed that defendant's car was equipped with lights as required by the statute (1 Comp. Laws 1929, § 4736). There was proof that he was driving while under the influence of intoxicating liquor. The syllabus in *People* v. *Gibson,* 253 Mich. 476, would indicate that this in itself would sustain the conviction. The opinion does not justify this statement. We quote therefrom:

"The information charges defendant was 'under the influence of intoxicating liquor' at the time of

the homicide. The foregoing testimony of which appellant complains was competent and material.''

Under the proof submitted, we think the jury were warranted in finding that the deceased met his death by reason of the careless, reckless, or negligent manner in which defendant's car was being driven by him at the time of the collision.

We have considered the other errors relied on, but find them without merit. The judgment is affirmed.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.