PEOPLE v. PAULEN.

1. INDICTMENT. AND INFORMATION—NEGLIGENT HOMICIDE—SUR-
PLUSAGE.

Charge of negligent homicide as contained in information charg-
ing negligence of defendant in operation of his automobile
in that he did not have his car under proper control and
did not keep a proper lookout and noting pertinent section
of penal code under which defendant was prosecuted was suf-
ficient to fairly apprise him of the offense charged, an aver-
ment as to presence of victim in a duly designated streetcar
stop being surplusage as to which proof was unnecessary (CL
1948, §§ 750.324, 767.45).

2. HOMICIDE—NEGLIGENT HOMICIDE—EVIDENCE.

Testimony in prosecution for negligent homicide wherein in-
formation charged that victim was lawfully and rightfully
standing in a duly designated streetcar stop was sufficient to
take case to jury, notwithstanding there was no proof as to
safety zone or car stop at point of accident where charge of
negligent homicide was sufficient without such unproved allega-
tion (CL 1948, §§ 750.324, 767.45).

3. CRIMINAL LAW — CROSS-EXAMINATION — IMPEACHMENT — SAVING
QUESTION FOR REVIEW.

Exclusion of answer on cross-examination of prosecution's witness
who was driving a car immediately preceding that of defendant,
charged with negligent homicide in the killing of a pedestrian
in a streetcar safety zone, that witness was of opinion that
defendant could not help hitting the pedestrian held, not
error, where record does not show what the answer would have
been and defendant's attorney then failed to apprise trial court
that answer he expected would have tended to impeach the

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur, Homicide, §§ 215, 248, 249.
[2] 26 Am Jur, Homicide, § 468.
[5] 26 Am Jur, Homicide, § 519.

testimony of such witness as to distance defendant's car was traveling behind him (CL 1948, § 750.324).

4. HOMICIDE—NEGLIGENT HOMICIDE—INSTRUCTIONS.
   Charge of court as to duty of defendant in prosecution for negligent homicide is not held erroneous because of inclusion of statement that defendant motorist had duty to keep a *sharp* lookout ahead although such statement might have misled jury to require of defendant a higher degree of care than that of an ordinarily careful and prudent person under the same or similar circumstances (CL 1948, § 750.324).

5. SAME—NEGLIGENT HOMICIDE—ELEMENTS OF OFFENSE—INSTRUCTION—DIRECTED VERDICT.
   Charge to jury in prosecution for negligent homicide which first correctly stated elements of offense that defendant drove a motor vehicle on the public streets of the city, was negligent in such operation, that his negligence caused the accident resulting in someone's death and later stated that such elements were conceded, naming them, such later statement constituted reversible error since it was, in effect, direction of verdict against defendant.

Appeal from Recorders Court for the City of Detroit; Murphy (George T.), J. Submitted January 12, 1950. (Docket No. 67, Calendar No. 44,384.) Decided February 28, 1950.

Lesley John Paulen was convicted of negligent homicide. Reversed and new trial granted.

*Davidson & Theut,* for defendant.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, and *Michael A. Guest,* Assistant Prosecuting Attorney, for the people.

NORTH, J. On trial by jury, defendant, Lesley John Paulen, was convicted of negligent homicide under CL 1948, § 750.324 (Stat Ann 1949 Cum Supp

§ 28.556). Sentence was imposed and he has appealed.

Shortly after 2 a. m. on March 9, 1948, defendant was driving an automobile in a westerly direction on Davison avenue, in Detroit. There are double lines of streetcar tracks on this thoroughfare which is 66 feet wide between curbs. As defendant approached the intersection of Davison avenue with McDougall street Stanley Korzeniecki, apparently petting a dog, was standing a little east of the intersection, facing in a southwesterly direction, just north of the most northerly streetcar track, in what is referred to in the record as a "safety zone" or a "streetcar stop." Defendant was following an automobile driven by David Christopherson who was proceeding "just to the right of the (north) car track." They were traveling at not more than 25 miles per hour. By swerving suddenly to his right Christopherson narrowly missed striking Korzeniecki. Defendant testified he did not see Korzeniecki until after the Christopherson automobile veered to the right and too late to avoid striking Korzeniecki, which resulted in fatal injuries to him. Defendant also testified he was driving "40 or 45 feet" behind the Christopherson car; but that distance was considerably greater according to Christopherson's testimony, who was the only other eyewitness.

Evidently as bearing upon that phase of defendant's alleged negligence, it was charged in the information that defendant's automobile struck the deceased while he "was lawfully and rightfully standing in a duly designated streetcar stop." But no testimony was offered which tended to prove that there was a safety zone or car stop at the point of accident. In view of that circumstance, appellant first contends that the proofs did not "support" the charge contained in the information. We are not

in accord with that contention. Instead we are of
the opinion that even though all reference in the
information to the streetcar stop were to be deleted
there would still be a sufficient charge that defendant
committed the offense of negligent homicide, and
that the testimony was sufficient to take the case to
the jury. If all reference to the car stop were de-
leted, there would still be contained in the informa-
tion a charge of negligence on the part of defendant
in that it is alleged that he did not drive his automo-
bile with due regard for the safety of others in the
lawful use of the highway, that defendant did not
have his automobile under proper control, and that
he did not keep a proper lookout. And in addition
to the specific acts of negligence charged, the infor-
mation notes the section of the statute (Michigan
penal code, § 324) under which defendant is prose-
cuted. Thus the information complies with the
pertinent portion of the statute which reads:

"The indictment or information shall contain: The
nature of the offense stated in language which will
fairly apprise the accused and the court of the of-
fense charged." CL 1948, § 767.45 (Stat Ann
§ 28.985).

See, also, *People* v. *McMurchy*, 249 Mich 147;
*People* v. *Beauchamp*, 260 Mich 491.

On cross-examination, David Christopherson, a
witness for the prosecution, was asked: "As you
suddenly saw the man and the dog in the safety zone,
and turned out suddenly, you were of the opinion
the man behind you could not help hitting them,
weren't you?" The prosecutor's objection to this
question was sustained. While defendant's attorney
did not at the time so advise the trial judge, on de-
fendant's motion for a new trial and on this appeal,
his attorney, assuming that the witness would have
answered in the affirmative, urges that such answer

"would have impeached his (Christopherson's) testimony as to the distance at which the defendant's car was traveling behind him," and that the ruling was erroneous. Counsel's contention as to impeaching Christopherson's testimony in this quite indirect manner should have been called to the court's attention at the trial, and further since the record does not disclose whether the witness' answer would have been in the affirmative or in the negative, the court's ruling cannot be held to have been erroneous. And it may be noted that in a civil case we have held, under very similar circumstances, the driver of an automobile who failed to observe the object in front of his car in time to avoid collision was guilty of negligence. *Barron* v. *Trupski*, 326 Mich 378.

Error is also assigned in respect to the charge of the court. First it is asserted that there was prejudicial error in that the trial court charged the jury:

"So, in this case, it was the duty of the defendant to keep a *sharp* lookout ahead and to see what was ahead of him and not, by reason of his failure to keep a *sharp* lookout ahead and to see what was ahead of him, to strike this deceased, if he was in lawful occupancy of the highway."

Without holding that, in view of the charge as a whole, the quoted statement would necessitate reversal, we think it should be noted that the use of the word "sharp" in the context was not an accurate statement of the law and might well have misled the jury to require a more strict degree of care of defendant in driving his automobile than is required by law, which is that degree of care which an ordinarily careful and prudent person would have exercised under the same or similar circumstances. *Hazen* v. *Rockefeller,* 303 Mich 536.

Another phase of the charge of the court of which appellant complains is, we think, much more serious. Early in his charge the trial judge correctly stated to the jury:

"Those elements (of negligent homicide) are these: First, that the defendant drove a vehicle on a public highway in the city limits of the city of Detroit. Second, that he was negligent in the operation of his vehicle. Third, that his negligence caused an accident. Fourth, that as a result of that accident someone received injuries' which caused his death. In this case, members of the jury, there is no controversy about some of the elements. In other words, the defendant concedes that he was driving the car. He concedes there was an accident and that as a result of this accident a man was killed. He denies that he was negligent, and he also denies that, even though it should appear that he was negligent, he denies that it was his negligence which caused the accident. In other words, those two elements of the offense are the elements which require your decision."

But later and well toward the close of his charge the trial judge instructed the jury:

"So those are the things you have to give your attention to, members of the jury, whether this defendant was guilty of the negligent act charged and whether that negligent act was proximate cause of the accident. The other elements, as I said, are conceded, although I will repeat them: The driving of the car, *the negligent act, and the negligent act being the proximate cause of the accident, which caused the death of the pedestrian.*"

Relative to the portion of the charge which we have italicized, the people's brief states:

"Without a doubt a part of the last quoted sentence as reported is erroneous but an erroneous part of

one sentence of the entire charge does not constitute reversible error."

Admittedly, under circumstances justifying such course, we have held that an erroneous statement in the court's charge when considered with the charge as a whole did not constitute reversible error. But when, as in the instant case, the erroneous statement is decisive of the controverted or controlling issue or issues of the case, it cannot be passed lightly and still say that the defendant has not been deprived of his constitutional right to a fair trial. When in the instant case the court, although probably inadvertently, said to the jury that "the negligent act, and the negligent act being the proximate cause of the accident which caused the death of the pedestrian" are conceded, the court in practical effect directed a verdict against defendant. In so doing error was committed which commands reversal.

The verdict and judgment are vacated and a new trial granted.

Boyles, C. J., and Reid, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.