PEOPLE *v.* FREDERICKS

1. HOMICIDE—NEGLIGENT HOMICIDE—DEFENSES—CONTRIBUTORY NEG-
LIGENCE.
   Contributory negligence is not a defense to a charge of negligent
   homicide with an automobile (MCLA § 750.324).

2. HOMICIDE—NEGLIGENT HOMICIDE—PROXIMATE CAUSE—INSTRUC-
TIONS TO JURY.
   Instruction to jury in a prosecution for negligent homicide with
   an automobile that if the jury found that defendant did not
   make an observation, and his crossing as he did at an intersec-
   tion constituted an immediate hazard, and out of that hazard
   a collision occurred, and as a result of the collision the death
   occurred, and that the causing of the collision was the negli-
   gence of defendant, then the verdict should be guilty as charged
   was a correct instruction on the law even though the term
   "proximate cause" was not used (MCLA § 750.324).

Appeal from Ottawa, Chester A. Ray, J. Sub-
mitted Division 3 November 20, 1970, at Grand
Rapids. (Docket No. 5684.) Decided February 15,
1971.

Keith Allen Fredericks was convicted of negli-
gent homicide. Defendant appeals. Affirmed.

*Russell S. Ward* (by *James D. Lovewell* and
*Stewart A. Christian*, of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 286.
   21 Am Jur 2d, Criminal Law § 139.
   40 Am Jur 2d, Homicide § 113.
[2] 5 Am Jur 2d, Appeal and Error § 815.
   7 Am Jur 2d, Automobile and Highway Traffic § 345.

Before: T. M. Burns, P. J., and R. B. Burns and Munro,* JJ.

R. B. Burns, J. Defendant was convicted by a jury of negligent homicide. MCLA § 750.324 (Stat Ann 1970 Cum Supp § 28.556).

Testimony showed that defendant was proceeding south on US-31 in Allegan County and wished to make a left turn onto M-45. US-31 is a divided highway. Defendant stopped in the median strip to allow two cars ahead of him to proceed. He then looked both to the right and the left and proceeded to cross the east portion of US-31. He drove into the path of a northbound car driven by Thomas House. As a result of the accident two of the passengers in defendant's car were killed.

Defendant claims the trial court erred by not allowing him to ask questions which would have shown that Thomas House had exceeded the speed limit and had therefore forfeited the right-of-way.[1]

A reading of the transcript shows that this claim is unfounded. The following colloquy took place between defendant's lawyer and the court:

"*Mr. Christian* [*attorney for defendant*]: Well, we're not trying to go into the determination of the exact speed of Mr. House, but the reason for raising the question to the police officer, that whether or not he investigated both parties, and their driving and this type of thing, is this: Will I be eliminated from this type of thing?

"*The Court:* No, no, you'll not be eliminated in any area that goes to establish where you state Fredericks did use judgment or not, because negligence is sometimes a judgment thing."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA § 257.649 (Stat Ann 1968 Rev § 9.2349).

Defendant was permitted to ask questions concerning the speed of the House vehicle. On the cross-examination of trooper Stoppa, after considerable questioning, defense attorney asked, "Basically, then, you don't know the speed of the vehicle?" Answer: "No, sir."

He was allowed to cross-examine House as to his speed without objections.

Defendant was not restricted in asking questions as to the speed of the House vehicle.

Defendant also claims that the trial court erred by refusing to allow the issue of proximate cause of the accident to be presented to the jury. This issue seems to be one of semantics. It would seem to be the unanimous authority throughout the country that contributory negligence is not a defense to a charge of negligent homicide. 7 Am Jur 2d, Automobiles and Highway Traffic, § 275, p 823.

Michigan has followed the rule set forth in *State v. Campbell* (1910), 82 Conn 671, 675 (74 A 927, 135 Am St Rep 293, 18 Ann Cas 236); *People* v. *Barnes* (1914), 182 Mich 179, 195; *People* v. *Campbell* (1927), 237 Mich 424, 430; and *People* v. *Clark* (1940), 295 Mich 704, 708, 709.

In the *Clark* case the Court quoted from the above authority, and stated:

" ' "The rule of law concerning contributory negligence by the injured person, as a defense in civil actions for damages for personal injuries, had no application to this case. The state was required to prove the alleged unlawful act of the accused and its consequences, but not that the deceased exercised due care to avoid the consequences of that unlawful act. The court did not, either by its refusal to charge as thus requested, or by the language used, give the jury to understand, as the defendant claims it did, that the conduct of the deceased was eliminated from the case. The court

properly said to the jury that the state must clearly show that the deceased's death was the direct result of the defendant's negligence, but that the injured man's conduct became material only as it bore upon the question of such negligence of the accused, and that if the culpable negligence of the accused was the cause of Mr. Morgan's death, the accused was responsible under the criminal law, whether Mr. Morgan's failure to use due care contributed to his injury or not." ' "

The trial judge's instructions on cause were as follows:

"Now, if you find that he didn't make such an observation, and his crossing as he did at that intersection constituted an immediate hazard, and out of that hazard this collision occurred, and as a result of the collision the death occurred, and that the causing of that collision was the negligence of Keith Allen Fredericks, then it's your duty to bring in a verdict of guilty as charged."

While the trial judge did not use the term "proximate cause", he did in effect instruct the jury in accordance with the Michigan law as previously stated.

We have considered the other alleged errors raised by the defendant but they do not merit discussion.

A complete review of the trial court's record indicates the defendant received a fair hearing.

Affirmed.