PEOPLE v DOLEN

Docket No. 26806. Submitted March 3, 1977, at Grand Rapids.—
Decided July 11, 1977.

Brian Dolen was convicted of negligent homicide, Calhoun Circuit
Court, Creighton R. Coleman, J. The defendant appeals challenging the trial court's instructions to the jury on the issue of
proximate cause. *Held:*

A review of the entire instructions indicates that any error
in the instructions on proximate cause was in the defendant's
favor. The notion that a defendant's negligent driving must be
the sole and only proximate cause of a fatal accident in order
for him to be found guilty is legally unsupportable.

Affirmed.

1. HOMICIDE — NEGLIGENT HOMICIDE — PROXIMATE CAUSE — MOTOR
VEHICLES.

A defendant's negligent driving need not be the sole and proximate cause of a fatal accident in order for the defendant to be
found guilty of negligent homicide.

2. HOMICIDE — NEGLIGENT HOMICIDE — CONTRIBUTORY NEGLIGENCE.

Contributory negligence of a deceased is no defense to a charge of
negligent homicide.

3. HOMICIDE — NEGLIGENT HOMICIDE — INSTRUCTIONS TO JURY —
CAUSATION.

An instruction to the jury in a negligent homicide trial which
informs the jury that a conviction for negligent homicide
requires a finding that the defendant's negligence caused the
fatal accident is sufficient on the issue of proximate cause.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James Norlander,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 1006.
[2] 22 Am Jur 2d, Death § 109.
[3] 40 Am Jur 2d, Homicide §§ 93, 506.

Prosecuting Attorney, and *Roger L. Caswell,* Assistant Prosecuting Attorney, for the people.

*Barbara R. Levine,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and J. T. LETTS,* JJ.

PER CURIAM. Defendant was tried before a jury on a charge of negligent homicide, MCL 750.324; MSA 28.556. The jury found defendant guilty. The court sentenced defendant to 16 to 24 months imprisonment. Defendant appeals.

In the late afternoon on December 8, 1974, defendant attempted to pass another vehicle on M-60 in Homer, Calhoun County. His automobile collided with an oncoming automobile driven by Gail Vroman. Gail's sister Kathryn Jo Vroman was her passenger and died from injuries she received in the accident.

The prosecution's theory was that defendant was intoxicated and driving at an excessive speed. The defense contended that the Vroman automobile did not have its headlamps on and that defendant exercised due care in attempting to pass the vehicle in front of him. Testimony about defendant's intoxication and his rate of speed conflicted. Also conflicting was testimony whether the headlamps on the Vroman automobile were illuminated.

On appeal, defendant challenges only the court's instructions to the jury. The court refused to give several instructions that defendant requested, including one instructing the jury that in order to convict they must find that defendant's driving was the sole and only proximate cause of Kathryn

* Circuit judge, sitting on the Court of Appeals by assignment.

Jo Vroman's death. The court did instruct the jury that a conviction required that they must find that Gail Vroman's driving was not a proximate cause of the fatal accident. The court then defined proximate cause:

"When I use the words 'proximate cause,' I mean, first, that there must be a connection between that conduct of the defendant which the prosecution claims was negligent, careless or reckless, and the death of Kathryn Vroman, and, second, that the occurrence which is claimed to have produced that death was a natural and probable result of such conduct by the defendant, and the same definition of proximate cause also applies to the conduct of Gail Vroman, the driver of the other vehicle."

The court then attempted to explain further to the jury how their assessment of Gail Vroman's conduct should affect their verdict. It is as to this explanation that defendant now assigns error.

The court pointed out that there can be more than one proximate cause to an accident. If the jury found "that the defendant is guilty of negligent homicide as defined herein, and that his conduct was a proximate cause of the accident and therefore of the death of Kathryn Vroman", they were told then to consider the conduct of Gail Vroman. If the jury found her "guilty of conduct for which you could find her guilty of negligent homicide, as defined herein", and also found that her conduct was a proximate cause of the accident, then they could not return a verdict of guilty. A finding of two proximate causes of the accident, the court told the jury, prevented a verdict of guilty against defendant.

In telling the jury that proximate cause was to be considered if they determined that defendant

was guilty of negligent homicide and if they determined Gail Vroman "was guilty of conduct for which you could find her guilty of negligent homicide", the court appeared to suggest circular reasoning. The court had earlier made clear to the jury, however, that causality must be shown before there can be guilt. Defense counsel did not request a clarification from the court. We think it proper to assume that he, as well as the jury, understood the court to mean that a finding of negligent driving, not negligent homicide, must precede a determination of proximate cause.

Defense counsel did not object to the instruction on the basis that it unnecessarily asked the jury to make a difficult decision about Gail Vroman's criminal culpability for the death of her sister. He himself had said, in closing argument, that "[T]here is no reason why they couldn't have prosecuted her just as well".

Review of the entire instructions indicates that where they were erroneous, the error was in defendant's favor. It is possible that the Vroman vehicle was a cause of the accident and yet Gail Vroman's operation of the vehicle might not be considered negligent. For example, an unexpected mechanical malfunction may have had something to do with the accident. But, in instructing the jury that if they found her negligent driving was a proximate cause of the accident, they must find defendant not guilty, the court provided defendant with a legally unwarranted basis for avoiding guilt. The notion that a defendant's negligent driving must be "the sole and only proximate cause" of a fatal accident in order for him to be found guilty of negligent homicide is legally unsupportable.

*People v Scott,* 29 Mich App 549, 558; 185 NW2d

576 (1971), initiated the recent view that for conviction of negligent homicide, defendant's negligence must be "the only direct and proximate cause of the ensuing homicide". *People v Jeglum,* 41 Mich App 247; 199 NW2d 854 (1972), and *People v Buck,* 71 Mich App 28; 246 NW2d 351 (1976), express approval for this "principle" found in *Scott.* But *Jeglum* and *People v Ebejer,* 66 Mich App 333; 239 NW2d 604 (1976), cases in which it was alleged that the deceased was contributorily negligent, reveal the error in *Scott. Jeglum* and *Ebejer* both recognized that contributory negligence of the deceased is no defense to a charge of negligent homicide. *People v Clark,* 295 Mich 704; 295 NW 370 (1940), *People v McMurchy,* 249 Mich 147; 228 NW 723 (1930), *People v Fredericks,* 30 Mich App 357; 186 NW2d 376 (1971). If the existence of another proximate cause of the fatal accident precludes a verdict of guilty against defendant, contributory negligence would be a good defense.

In holding that reversible error occurred when the jury was told that conviction did not require that defendant's conduct was the only proximate cause of the fatal accident, *Scott* placed heavy reliance on *Commonwealth v Root,* 403 Pa 571; 170 A2d 310; 82 ALR2d 452 (1961). *Root,* while unwilling to apply in criminal cases the attenuated causal connection that often sufficed for civil liability, certainly did not announce a rule that in negligent homicide cases the defendant's conduct must be the sole proximate cause of the fatal accident. Chief Justice Jones wrote: "Of course there can be more than one proximate cause of death just as there can also be more than one *direct* cause of death." 403 Pa at 578-579. *Root* requires that defendant's conduct be the direct

cause of the death in issue for a conviction; it is not necessary that a jury find defendant's conduct to be the only direct cause. What *Root* rejects is the notion of proximate cause found in civil cases.

The imprecise concept of proximate cause does not become precise by qualifying it with "sole" or "only". Such qualification produces a phrase that, if not senseless, is at least extremely difficult to comprehend and utilize. It is sufficient to inform the jury that conviction for negligent homicide requires a finding that defendant's negligence caused the fatal accident. *People v Paulen,* 327 Mich 94, 99; 41 NW2d 488 (1950).

Defendant was deprived of no substantial right because of the court's instructions. The instructions, instead, provided the jury with an unnecessary ground for finding him innocent.

Affirmed.