## PEOPLE v WEBB

Docket No. 96747. Submitted July 28, 1987, at Grand Rapids. Decided October 5, 1987. Leave to appeal applied for.

Raymond D. Webb was charged with involuntary manslaughter following the death of James Teets. Teets was beaten by Webb during a barroom altercation and was bleeding from the mouth and spitting up blood afterwards. He at first refused treatment by paramedics at his home but later agreed to go to the hospital. The paramedics returned to take Teets to the hospital but Teets died before they could do so. A medical examiner, after performing a post-mortem examination, opined that, had Teets accepted medical treatment shortly after receiving his injuries, a fairly simple procedure might have saved his life. Defendant moved to quash the information against him on the ground that Teets' refusal of immediate medical treatment constituted an intervening, superseding cause of death. The Allegan Circuit Court, George R. Corsiglia, J., granted the motion. The people appealed.

The Court of Appeals *held:*

By quashing the information and finding that the victim's knowing and voluntary refusal of immediate medical treatment constituted an intervening, superseding cause of death, the trial court invaded the province of the jury to determine issues of fact. Whether refusal of medical treatment was an intervening independent cause and the proximate cause of death are disputed issues of fact to be determined by a properly instructed jury.

Reversed.

1. HOMICIDE — MANSLAUGHTER — CAUSE OF DEATH — PROXIMATE CAUSE — INTERVENING CAUSE — QUESTIONS OF FACT.

The determination of proximate cause or of the existence of an independent intervening cause of death in a manslaughter trial is an issue to be determined by a properly instructed jury.

REFERENCES

Am Jur 2d, Homicide §§ 13 *et seq.;* 91 *et seq.;* 498 *et seq.*

Validity and construction of statute defining homicide by conduct manifesting "depraved indifference". 25 ALR4th 311.

2. HOMICIDE — MANSLAUGHTER — CRIMINAL RESPONSIBILITY — RE-
    FUSAL OF MEDICAL TREATMENT.
    A defendant in a manslaughter trial cannot use the victim's
    negligence in refusing medical treatment to exonerate himself
    from criminal liability.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Fred R. Hunter III,* Prosecuting Attorney, and *Judith B. Ketchum,* Appellate Counsel, for the people.

*James S. Ainsworth,* for defendant on appeal.

Before: CYNAR, P.J., and WEAVER and J. H. HAUSNER,* JJ.

WEAVER, J. The people appeal as of right from the order of the Allegan Circuit Court which granted defendant's motion to quash the information charging him with involuntary manslaughter, MCL 750.321; MSA 28.553. We reverse.

I

Defendant was charged with involuntary manslaughter for the death of James Teets, who died after being involved in a barroom brawl on May 1, 1986, in Fennville, Michigan. The decedent, who that day had consumed approximately two cases of beer before arriving at the bar, got into an argument with defendant over a dollar bill defendant had taken from decedent to buy a soda for decedent's wife. The argument resulted in defendant's striking decedent several times in the face and knocking him to the floor. After starting out the door, defendant returned and kicked decedent in the ribs.

Decedent, who was bleeding from the mouth and

* Circuit judge, sitting on the Court of Appeals by assignment.

spitting up blood, needed assistance to leave the bar and return home, where his wife called paramedics for assistance. However, when the paramedics arrived, decedent refused their assistance although he was still in pain and coughing up blood. When the paramedics left, decedent finally agreed to go to the hospital, but died a few seconds after the paramedics returned to the home.

A post-mortem examination revealed that decedent's nose was fractured and bleeding badly, which resulted in decedent's aspirating blood into the trachea and bronchial cavity so as to interfere with his breathing and cause his death. The medical examiner opined that, had decedent accepted medical teatment shortly after receiving his injuries, a fairly simple procedure might have saved his life.

After a preliminary examination defendant was bound over to the circuit court on a charge of involuntary manslaughter. The circuit court initially found sufficient evidence to support a finding of probable cause and denied defendant's first motion to quash the information. However, the court granted defendant's renewed motion which was brought shortly before trial was to commence. From entry of this order, the prosecutor appeals as of right.

## II

The prosecutor argues that by quashing the information and finding that the victim's knowing and voluntary refusal of immediate medical treatment constituted an intervening, superseding cause of death, the trial court invaded the province of the jury to determine issues of fact. We agree.

The determination of proximate cause or of the

existence of an independent intervening cause is an issue to be determined by a properly instructed jury. *People v Moss,* 70 Mich App 18, 22; 245 NW2d 389 (1976), lv den 399 Mich 852 (1977), aff'd on other grounds in *People v Tilley,* 405 Mich 38; 273 NW2d 471 (1979). The concept of an intervening cause is predicated upon foreseeability. For instance, a doctor's negligence in treating a wounded victim is foreseeable, therefore, it cannot be used by a defendant to exonerate himself from criminal liability for the wounding of the victim. *People v Flenon,* 42 Mich App 457, 461-462; 202 NW2d 471 (1972), lv den 388 Mich 801 (1972). See also *People v Townsend,* 214 Mich 267, 279; 183 NW 177 (1921). *People v Cook,* 39 Mich 236, 239-240; 33 Am Rep 380 (1878).

Such reasoning is applicable here. A defendant takes his victim as he finds him. *Flenon, supra* at 462. A person's negligence in refusing medical treatment is foreseeable. Such negligence was particularly foreseeable in this case, where the decedent had been drinking heavily prior to the incident. Hence defendant cannot expect to exonerate himself from criminal liability merely by arguing that the decedent's negligence was an intervening cause. See *People v Dolen,* 89 Mich App 277, 281-282; 279 NW2d 539 (1977).

Although the prosecution and defendant agree that the decedent died due to aspirating his own blood caused by the fractured nose inflicted by defendant, and also agree that if the victim had not refused medical treatment he might still be alive, whether refusal of medical treatment was an intervening independent cause and the proximate cause of death are disputed issues of fact to be determined by a properly instructed jury. *Moss, supra.* The existence of disputed facts and the possibility that a rational trier of fact could find

guilt beyond a reasonable doubt demonstrate that the trial court improperly resolved the issue of proximate causation in its pretrial ruling to quash the information.

Reversed.