# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PATRICK ONEAL MAGEE, JR.,

        Defendant-Appellant.

UNPUBLISHED
March 10, 2016

No.  325227
Oakland Circuit Court
LC No.  2012-242258-FC

Before:  SAAD, P.J., and SAWYER and HOEKSTRA, JJ.

PER CURIAM.

Following a jury trial, defendant appeals as of right his conviction for first-degree felony murder, MCL 750.316(1)(b).  Because the prosecutor presented sufficient evidence to support defendant's conviction, we affirm.

According to the evidence introduced at trial, on June 15, 2008, defendant shot Antwon Chavis and Tyrone Thomas while attempting to rob them during a drug deal.  Both Chavis and Thomas survived the shooting.  However, Chavis suffered two gunshot wounds, one to the head and a second to the neck, which perforated his C6 vertebra, leaving Chavis paralyzed from the neck down.  Approximately 18 months later, Chavis passed away in January of 2010.  Dr. Patrick Cho conducted Chavis's autopsy and opined at trial that Chavis died from gunshot wound complications and that a contributing cause of his death was fentanyl intoxication.  The jury convicted defendant of felony-murder.  Defendant now appeals as of right.

On appeal, defendant challenges the sufficiency of the evidence supporting his conviction.  In particular, defendant contends that the prosecution failed to present sufficient evidence to establish beyond a reasonable doubt that defendant's conduct constituted the proximate cause of Chavis's death.  According to defendant, there were several superseding causes of death which severed the causal chain between the shooting and Chavis's death, including Chavis's obesity, his overuse of medication, and possible environmental causes such as exposure to dead animals.

This Court reviews de novo a challenge to the sufficiency of the evidence.  *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010).  "We examine the evidence in a light most favorable to the prosecution, resolving all evidentiary conflicts in its favor, and determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond reasonable doubt."  *People v Ericksen*, 288 Mich App 192, 196; 793

-1-

NW2d 120 (2010). The elements of a crime may be established by circumstantial evidence and reasonable inferences from the evidence. *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013). Questions of credibility and the weight of the evidence are issues for the jury; and, we will "not interfere with the jury's assessment of the weight and credibility of witnesses or the evidence." *Id.*

The elements of first-degree felony murder as a follows: (1) the killing of a human being, (2) with the intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result, i.e., malice, (3) while committing, attempting to commit, or assisting in the commission of any of the felonies specifically enumerated in MCL 750.316(1)(b), including armed robbery. *People v Smith*, 478 Mich 292, 318-319; 733 NW2d 351 (2007). To sustain a murder conviction, the unlawful act must be both a factual cause and a proximate cause of death. *People v Schaefer*, 473 Mich 418, 435; 703 NW2d 774 (2005), clarified in part on other grounds by *People v Derror*, 475 Mich 316 (2006); *People v Kevorkian*, 447 Mich 436, 445; 527 NW2d 714 (1994).

"For a defendant's conduct to be regarded as a proximate cause, the victim's injury must be a 'direct and natural result' of the defendant's actions." *Schaefer*, 473 Mich at 436 (citation omitted). Criminal liability may be imposed even if there is more than one proximate cause of death. *People v Bailey*, 451 Mich 657, 676; 549 NW2d 325 (1996). That is, "it is not necessary that the party convicted of a crime be the sole cause of that harm, only that he be a contributory cause that was a substantial factor in producing the harm." *Id.*

> If a certain act was a substantial factor in bringing about the loss of human life, it is not prevented from being a proximate cause of this result by proof of the fact that it alone would not have resulted in death, nor by proof that another contributory cause would have been fatal even without the aid of this act. [*Id.* (citation omitted).]

For example, "[i]f the deceased died of the combined effect of a wound inflicted with malice and of a disease disconnected from the wound, the accused is guilty." *Id.* at 678 (citation and quotation marks omitted).

Although there may be more than one proximate cause of death, an intervening, independent cause may "cut off the defendant's criminal liability where the intervening act is the *sole* cause of harm." *Id.* at 677 (emphasis added). See also *Schaefer*, 473 Mich at 436-437. In contrast, the intervening cause doctrine will not absolve the defendant of criminal responsibility "when there is a causal link between a nonfatal injury and the victim's death." *People v Herndon*, 246 Mich App 371, 401; 633 NW2d 376 (2001). In other words, a defendant's liability is not automatically severed merely by a delay between injury and death, or merely because complications arose from the injuries and medical treatment. See, e.g., *People v Bowles*, 461 Mich 555, 560; 607 NW2d 715 (2000); *People v Duff*, 165 Mich App 530, 544; 419 NW2d 600 (1987); *People v Flenon*, 42 Mich App 457, 460; 202 NW2d 471 (1972).

Whether an intervening cause supersedes and severs the causal link is a question of reasonable foreseeability, based on an objective standard of reasonableness. *Schaefer*, 473 Mich at 437. Ordinary negligence on the part of the victim is not a superseding cause because it is

considered reasonably foreseeable. *People v Feezel*, 486 Mich 184, 195; 783 NW2d 67 (2010). In comparison, gross negligence or intentional misconduct by the victim is not reasonably foreseeable and breaks the causal chain. *Id.* "[I]n criminal jurisprudence, gross negligence 'means wantonness and disregard of the consequences which may ensue, and indifference to the rights of others that is equivalent to a criminal intent.'" *Schafer*, 437 Mich at 438 (citation omitted). Typically, questions of foreseeability and proximate cause are properly left to the jury. *People v McKenzie*, 206 Mich App 425, 431; 522 NW2d 661 (1994).

In this case, the evidence showed that, in 2008, defendant shot Chavis in the head and neck during a drug deal inside of Thomas's vehicle. The bullet from the gunshot to Chavis's neck became lodged in his spinal cord, leaving him with quadriplegia. Chavis died 1-1/2 years after the shooting. Dr. Cho, the forensic pathologist who conducted the autopsy, determined that the cause of death was gunshot wound complications with a contributing cause of fentanyl intoxication. In particular, Chavis had a perforated C6 vertebra, and he was paralyzed from the neck down with limited movement in his right arm. Dr. Cho testified that a perforated C6 vertebra will cause paralysis below the neck, which results in decreased diaphragm function, which can in turn lead to lung infections and pneumonia. Dr. Cho specified that these types of conditions are "very commonly" associated with paralysis below the neck level. In Chavis's case, Dr. Cho determined that Chavis suffered from bronchial pneumonia and pulmonary edema. In describing the relationship between defendant's conduct and these findings, Dr. Cho analogized the progression to the fall of dominos, explaining that the gunshot wound could be seen as setting "into motion a series of other events and other conditions that ultimately led to death." Further, Dr. Cho also testified that Chavis had been prescribed fentanyl to treat neurogenic pain caused by the bullet wound.

Given this evidence, the jury could reasonably conclude that Chavis's quadriplegia, his related medical complications such as pneumonia, and his treatment with fentanyl were foreseeable consequences of defendant's criminal act of shooting Chavis in the neck. In other words, from Dr. Cho's testimony, the jury could conclude that defendant set in motion a series of events that directly and naturally resulted in Chavis's death. See *Schaefer*, 473 Mich at 436; *McKenzie*, 206 Mich App at 431. Because the jury could reasonably conclude that defendant's conduct was a substantial factor in Chavis's death, the evidence was sufficient to establish that defendant proximately caused Chavis's death. See *Bailey*, 451 Mich at 676. Thus, the evidence was sufficient to support his conviction for felony-murder.

In contrast to this conclusion, defendant contends that there were superseding causes of the victim's death, including Chavis's obesity and drug use, which severed the causal chain between defendant's actions and the Chavis's death. The jury heard evidence of the victim's fentanyl intoxication, exposure to a dead animal, insect bites, body weight, and organ size. Whether this evidence demonstrated a superseding cause was a question for the jury. See *McKenzie*, 206 Mich App at 431; *People v Webb*, 163 Mich App 462, 465; 415 NW2d 9 (1987). Despite this evidence, the jury reasonably concluded that these intervening facts did not sever the causal connection between defendant's conduct and Chavis's death. Indeed, Chavis's weight and purported misuse of pain medication as a quadriplegic easily fall within the definition of ordinary negligence, and ordinary negligence will not cut off defendant's criminal liability. See *Feezel*, 486 Mich at 195. Thus, viewed in a light most favorable to the prosecution, there was

sufficient evidence to justify the jury's finding beyond a reasonable doubt that defendant's shooting of Chavis was a proximate cause of the death.[1]

Finally, in contesting the proof of causation presented at trial, defendant also challenges the trial court's denial of his motion for a directed verdict of acquittal. Because the evidence was sufficient to justify the jury in finding defendant guilty, the evidence was clearly sufficient for the trial court to determine that a reasonable jury could be persuaded that the elements were proven beyond a reasonable doubt. *People v Parker*, 288 Mich App 500, 504; 795 NW2d 596 (2010). Defendant was not entitled to a direct verdict.

Affirmed.

/s/ Henry William Saad
/s/ David H. Sawyer
/s/ Joel P. Hoekstra

---

[1] Aside from proximate causation, defendant also challenges the sufficiency of the evidence supporting the jury's finding of factual cause and identity. However, defendant failed to raise these issues in his statement of the questions presented, meaning that defendant did not properly present these issues for appellate review. See MCR 7.212(C)(5); *People v* Albers, 258 Mich App 578, 584; 672 NW2d 336 (2003). Even if defendant had properly presented these issues, his arguments are meritless. Regarding identity, both Chavis and Thomas identified defendant as the shooter, and this evidence was sufficient to establish identity. See *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). With respect to factual causation, "but for" defendant's conduct, Chavis would not have been paralyzed and he would not have suffered the complications that led to his death. Plainly, defendant's conduct constituted a factual cause of Chavis's death. See *People v Wood*, 276 Mich App 669, 676; 741 NW2d 574 (2007).