STATE OF CONNECTICUT *v.* LEONARD ALTERIO, JR.

STATE OF CONNECTICUT *v.* HOWARD DeLOMA

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, JS.

Argued May 3—decided June 8, 1966

*Philip Baroff,* with whom, on the brief, was *Sigmund L. Miller,* for the appellant (defendant Alterio).

*Edward G. Burstein,* with whom, on the brief, was *Jerome Goldman,* for the appellant (defendant De-Loma).

*John F. McGowan,* assistant state's attorney, with whom, on the brief, was *Otto J. Saur,* state's attorney, for the appellee (state).

ALCORN, J. On the evening of April 4, 1964, Leonard Alterio, Jr., aged seventeen, and Howard DeLoma, aged twenty, engaged in an automobile race on a public street in a sparsely populated section of the city of Bridgeport. During the race, DeLoma's car collided at an intersection with an automobile driven by Harold DeSanty, Jr., as a result of which Harold DeSanty, Sr., who was a passenger in that automobile, was killed. Alterio and DeLoma were charged in separate informations with a felony in having violated § 53-17 of the General Statutes. After pleas of not guilty by the defendants, the cases were tried together. Both defendants were found guilty by a jury, and both appeal from the judgment rendered on the verdict. The appeals were argued together in this court on separate records.

Section 53-17 provides, so far as material, that "any person operating a motor vehicle upon the highways of this state who, in consequence . . . of any gross or wilful misconduct or of gross negligence, causes any loss of life" shall be subject to the penalty provided. The language of the statute is in the alternative. *State* v. *Carty,* 120 Conn. 231, 234, 180 A. 287. The general verdict, of course, does not disclose whether the jury concluded that the defendants were guilty of gross misconduct, wilful misconduct or gross negligence. "Wanton mis-

conduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action. Wilful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of wilful misconduct." *Menzie* v. *Kalmonowitz*, 107 Conn. 197, 199, 139 A. 698. The jury could reasonably have concluded that the act of racing two automobiles, in itself a crime under General Statutes § 14-224 (b), on a city street in the night season amounted to gross or wilful misconduct. The assignments of error, however, are not concerned with these elements of the statute.

DeLoma assigns error in the court's failure to charge in terms applicable to civil negligence concerning the right of way at an intersection and the standard of care required of a minor. These assignments assert that the court refused DeLoma's request to charge on these subjects. In fact, however, no such requests were made. The claimed error rests solely on matters raised in exceptions taken following the charge. To raise the right-of-way statute, General Statutes § 14-245, as an issue, DeLoma was required to file a written request to charge on the legal principle involved. Practice Book § 250; *Gigliotti* v. *United Illuminating Co.*, 151 Conn. 114, 117, 193 A.2d 718; see *Vecchiarelli* v. *Weiss*, 137 Conn. 660, 662, 81 A.2d 123. This assignment of error, as well as the one commingled with it concerning the standard of care applicable to a minor, lacks merit for reasons which will appear in the following discussion of Alterio's appeal.

Alterio makes numerous assignments of error, three of which are not briefed and therefore are

treated as abandoned. In those which are pursued, error is assigned in the court's refusal to charge as requested. One of them purports to attack the court's refusal to charge as requested but again is actually founded on exceptions taken following the charge. The exceptions are so incoherent as to require no consideration.

The court is not required to charge in the exact language of a request. Instructions are adequate if they give the jury a clear understanding of the issues and proper guidance in determining those issues. *Lucier* v. *Meriden-Wallingford Sand & Stone Co.*, 153 Conn. 422, 425, 216 A.2d 818; *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.*, 143 Conn. 468, 472, 123 A.2d 760; *State* v. *Hayes*, 127 Conn. 543, 594, 18 A.2d 895. Guided by these principles, we examine the charge in the light of the claims of proof.

Alterio and DeLoma met about 9 p.m., on April 4, 1964, and drove, each with a companion, to Folino Drive in Bridgeport for the express purpose of having a race. Folino Drive is a public highway twenty-three feet wide and is intersected at one point by Kevin Road. The posted speed limit is twenty-five miles per hour. The weather was clear, the evening was dark, and the pavement was dry. The race started, headed north toward Kevin Road, which was two-tenths of a mile away. The DeLoma car was on the right. The state claimed that the cars traveled at speeds of about seventy-five to eighty miles per hour. Harold DeSanty, Jr., age sixteen, was driving a car easterly along Kevin Road at a speed of about twenty-five miles per hour, with his father, Harold DeSanty, Sr., as a passenger in the front seat. As Alterio and DeLoma approached the intersection, Alterio applied

his brakes, swerved off the road and stopped. The DeLoma car collided with the DeSanty car at the Kevin Road intersection and, as a result of the collision, Harold DeSanty, Sr., was killed.

DeLoma claimed to have proved that the race was held at his suggestion; that he may have reached a top speed of fifty miles per hour; that he saw the DeSanty car coming from his left when both cars were about equidistant from the intersection; that he slowed down to a speed of about twenty miles per hour but collided with the DeSanty car in the southeast quadrant of the intersection.

Alterio claimed to have proved that he first saw a car coming from his left when he was approximately 350 feet from the intersection; that he tried unsuccessfully to signal DeLoma; and that he applied his brakes, turned left and came to a stop in a lot on the left side of Folino Drive about sixty feet south of the intersection.

Both defendants claimed that the driver of the DeSanty car saw one pair of headlights to his right when he was forty feet from the intersection; that he had been driving approximately four months and was familiar with the intersection, which had no traffic controls; that he did not apply his brakes; and that he was warned by his father to "watch out for that car" before the impact took place.

Alterio requested the court to charge that General Statutes § 53-17 is not violated unless actual contact is proved to have occurred between the accused's motor vehicle and the deceased or the vehicle in which the deceased was riding. The court not only refused the request but charged that contact was not necessary. This charge was correct. The statute requires only that the gross or wilful

misconduct or gross negligence of the operator caused the death.

Alterio requested the court to charge the jury to consider his age and refrain from applying an adult standard in judging his conduct. The court properly refused this request. Section 53-17 of the General Statutes does not expressly make the age of an accused a criterion in the determination of his gross or wilful misconduct or his gross negligence. The statute applies to "any person operating a motor vehicle upon the highways of this state." Beyond that, wilful misconduct is more than gross negligence. *Menzie* v. *Kalmonowitz,* 107 Conn. 197, 199, 139 A. 698. Both defendants frankly admit that they voluntarily engaged in racing on this public highway—a wilful violation of another criminal statute, § 14-224 (b). In view of the general verdict, reversible error cannot be predicated upon the refusal to charge in the respect requested where the more serious element of wilful misconduct is conceded.

Alterio requested the court to charge that he must be acquitted if Harold DeSanty, Jr., was negligent. The court properly refused this request. Quite aside from the fact that the negligence of a driver could not be imputed to his passenger, contributory negligence is no defense to any of the three types of conduct prohibited in General Statutes § 53-17. *State* v. *Campbell,* 82 Conn. 671, 675, 74 A. 927; *Decker* v. *Roberts,* 125 Conn. 150, 157, 3 A.2d 855.

The only bearing which the conduct of the driver of the DeSanty car could have upon the result in either case would relate to the issue of causation. This issue formed the substance of two other of Alterio's requests to charge.

It was the state's burden to prove that a proxi-

mate cause of the death was the unlawful acts of the defendants or of either of them. *State* v. *Leopold,* 110 Conn. 55, 62, 147 A. 118; *State* v. *Campbell,* supra. Consequently, under the circumstances of this accident, only if the conduct of the driver of the DeSanty car was shown to be the independent and efficient cause of his father's death would the state fail to meet its burden. If, however, the requisite causal connection was established between an unlawful act of either of the defendants and the death, then both defendants, who joined in the common design to commit the unlawful act, would be responsible. *State* v. *McCarthy,* 133 Conn. 171, 173, 49 A.2d 594; *State* v. *Leopold,* supra, 63.

"Every person is held to be responsible for the natural consequences of his acts, and if he commits a felonious act and death follows, it does not alter its nature or diminish its criminality to prove that other causes co-operated to produce that result." *State* v. *Leopold,* supra, 61. It was incumbent upon the court, therefore, to point out to the jury that in order to establish the guilt of the defendants the state was required to prove the essential element of causation and the effect of participation by Alterio in the common undertaking which ended fatally.

The court, in its charge, gave the jury a full and accurate description of gross or wilful misconduct and gross negligence, followed by a description of the causal connection which must exist between any such conduct and the ensuing death. The description was, if anything, too favorable to the defendants. The court also gave a complete and accurate description of the effect of participation by more than one person in the illegal act.

Alterio, while not disputing his participation in

the common undertaking forming the basis of the crime charged, rested his defense, in large part, on the claim that he abandoned that common enterprise when he stopped his vehicle without a collision. Abandonment was a question of fact for the jury. *State* v. *McCarthy,* supra, 174. To prove an abandonment of the illegal activity in which he and DeLoma admittedly were engaged, it was not sufficient for Alterio to prove a secret change of purpose in his own mind. It was necessary for him to establish the further fact that he had, by word or deed, informed DeLoma of that change of purpose. *State* v. *Allen,* 47 Conn. 121, 139; see *State* v. *Manganella,* 113 Conn. 209, 220, 155 A. 74; *State* v. *Feltovic,* 110 Conn. 303, 310, 147 A. 801. On the claims of proof, the essential question was whether the actions of Alterio in applying his brakes, in turning off the road and in attempting to warn DeLoma of the impending collision amounted to an abandonment of his unlawful conduct or to an instinctive act of self-preservation to avoid an accident. The court sufficiently laid before the jury the substance of Alterio's claim on this subject.

Alterio's final request was for a charge cautioning the jury to consider any confession or admission of an accused as evidence only against the one who made it. The court did not charge as requested, but the record fails to disclose any harm to Alterio from that omission. His assignment of error in this particular therefore is not ground for a reversal. *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 677, 165 A.2d 598.

There is no error in either case.

In this opinion the other judges concurred.