Ralph M. FIORETTI, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

June 21, 1968.

Norman N. Aerenson and Bernard Balick of Aerenson & Balick, Wilmington, for defendant below, appellant.

Jay P. James, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

The defendant Ralph M. Fioretti was convicted of involuntary manslaughter as the result of an automobile collision. The indictment charged him with violation of his common law duties of lookout and control, and of various statutes governing speed on the highway. Fioretti appeals from the Trial Court's denial of his motion for judgment of acquittal, made at the close of the State's case and renewed at the close of all the evidence before the case went to the jury.

These facts are uncontroverted: The accident occurred at about 2:00 A.M. at the intersection of Kennett Pike and Kirk Road. Fioretti was operating a high-powered sport-model car in a southerly direction on Kennett Pike. William Markwood, III, was operating a light compact-type car in a westerly direction on Kirk Road. Kennett Pike is a main thoroughfare with a posted speed limit of 50 m. p. h.; Kirk Road was controlled by a stop sign. Approaching the intersection from Fioretti's direction, there was a downgrade on Kennett Pike to the intersection, affording a clear view of the intersection for approximately 610 feet. North of the downgrade, there was a hill that obstructed Fioretti's view of the intersection and Markwood's view of Fioretti's car. A sign was posted on Kennett Pike, about a half mile from the intersection, warning southbound traffic of its imminence. Visibility was good; the road was dry.

A right angle intersectional collision occurred. The Markwood car was completely demolished with damage concentrated on its right side. It came to rest broadside in the southbound lane of Kennett Pike

about 90 feet from the point of impact. The Fioretti vehicle came to rest, with extensive damage to its left front area, in the bushes off the southbound lane of Kennett Pike, about 124 feet from the point of impact. Markwood was found lying in the road approximately 81 feet from the point of impact. The body of Miss Judith K. Tomlinson, who had been a passenger in the Markwood car, was found approximately 95 feet from the point of impact, lifeless. It was her death that gave rise to the manslaughter charge against Fioretti.

At the trial, an expert witness, qualified in the field of accident analysis, testified that based upon his investigation of the accident scene, the vehicles involved, and the above facts proved by the State, it was his opinion that Fioretti was "traveling at a speed at the point of impact of approximately and conservatively eighty miles per hour." * In arriving at this conclusion, the expert assumed that the Markwood vehicle was at a standstill at the moment of impact; he testified further that if the Markwood vehicle were moving across the path of the Fioretti vehicle at the moment of impact, the Fioretti vehicle would have been moving faster than 80 m. p. h. in order to overcome the energy of the Markwood car in motion.

This was the sum and substance of the State's case against Fioretti. Markwood did not testify regarding the details of the accident, claiming amnesia by reason of head injuries.

The main thrust of the appeal is that there was no evidence as to Markwood's course of conduct as he entered the intersection, especially as to whether he obeyed the stop sign controlling his travel or whether he darted in front of Fioretti. It is argued therefrom that there is no evidence of proximate causation, an essential element of the offense charged. State v. Hupf, 9 Terry 254, 101 A.2d 355 (1953).

▆ Looking at the evidence and all permissible inferences arising therefrom in the light most favorable to the State, we agree with the Trial Court that the case was properly for the jury. From the above stated facts, especially the various distances involved, the jury could have reasonably inferred that Fioretti exceeded the speed limit and that such negligence was at least one of the proximate causes of the accident. Such conclusion, without more, would support a verdict of guilt. It follows that the case was properly submitted to the jury.

▆ When, as here, a right angle intersectional collision is involved, it is not unusual for the trier of fact to conclude that concurrent negligences proximately caused the mishap. To support a verdict of guilt, it was not necessary for the jury to find that Fioretti's negligence was the sole proximate cause of the collision; it was sufficient that his negligence was one of the proximate causes. E. g., State v. Alterio, 154 Conn. 23, 220 A.2d 451 (1966). Clearly, the evidence warranted such finding.

The defendant contends that the evidence against him is wholly circumstantial; that, as such, the evidence is insufficient to sustain a verdict of guilt because it is equally consistent with innocence. We cannot agree. It was within the realm of reason, in our opinion, for the jury to conclude that the evidence was inconsistent with any rational conclusion other than that the defendant was guilty of at least one of the acts of negligence charged in the indictment, and that such negligence was at least one of the proximate causes of

---

* We express no opinion as to the admissibility of such opinion testimony generally, in view of the fact that there was no objection interposed to it either at the trial or on this appeal. Compare Robelen Piano Company v. DiFonzo, 3 Storey 346, 169 A.2d 240, 246 (1961); South Atlantic S.S. Co. of Delaware v. Munkacsy, 7 W.W.Harr. 580, 187 A. 600, 604 (1936); Parker, "Automobile Accident Analysis by Expert Witnesses," 44 Va.L.Rev. 789 (1958).

the collision. In this connection, it is noted that the defendant was found "Guilty as charged."

The judgment below is affirmed.