PEOPLE v BUCK

Homicide—Negligent Homicide—Instructions to Jury—Proximate Cause—Civil Standard—Criminal Standard.

It was reversible error for a trial judge to instruct a jury in a negligent homicide case that a defendant could be found guilty if the jury were to determine that the defendant's conduct was *a* proximate cause of the accident, thereby using the civil standard for testing proximate cause rather than the appropriate criminal standard whereby the defendant's conduct must be found to be *the* proximate cause.

Appeal from Clinton, Leo W. Corkin, J. Submitted April 7, 1976, at Lansing. (Docket No. 22677.) Decided August 24, 1976.

Rickie L. Buck was convicted of negligent homicide. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jon. Newman,* Prosecuting Attorney, for the people.

*Randy L. Tahvonen,* for defendant.

Before: T. M. Burns, P. J., and V. J. Brennan and D. E. Holbrook, Jr., JJ.

Per Curiam. On October 24, 1974, defendant was convicted of negligent homicide, contrary to MCLA 750.324; MSA 28.556, following a jury trial in Clinton County Circuit Court, Judge Leo W. Corkin presiding. Defendant was sentenced on

Reference for Points in Headnote
40 Am Jur 2d, Homicide § 91 *et seq.*

November 25, 1974, to a jail term of six months. He now appeals as of right.

Reversible error occurred when the court instructed under the civil rather than criminal standard for determining proximate cause. In criminal cases guilt is personal. The trial court instructed that defendant could be found guilty were the jury to determine that his conduct was "a" proximate cause of the accident rather than "the" proximate cause of the accident. The court thus used the civil standard for testing proximate cause. This was error. *People v Layman,* 299 Mich 141, 145, 146; 299 NW 840 (1941), *People v Jeglum,* 41 Mich App 247; 199 NW2d 854 (1972), *People v Scott,* 29 Mich App 549; 185 NW2d 576 (1971).

Reversed and remanded for proceedings consistent with this opinion.