## PEOPLE v RICHARDSON

Docket No. 104817. Submitted May 3, 1988, at Grand Rapids. Decided August 1, 1988. Leave to appeal applied for.

Michelle Lynn Richardson, charged in the Kent Circuit Court with negligent homicide, appealed by leave granted from an order by the trial court, Robert A. Benson, J., granting the prosecution's motion in limine to exclude evidence of the decedent's failure to wear his seat belt.

The Court of Appeals *held:*

Evidence of the decedent's failure to wear his seat belt has no bearing upon either responsibility or imputability in the determination of the guilt or innocence of a defendant charged with negligent homicide and is, therefore, properly excludable at trial.

Affirmed.

HOMICIDE — NEGLIGENT HOMICIDE — DECEDENT'S FAILURE TO USE A SEAT BELT.

Evidence of the decedent's failure to wear his seat belt has no bearing upon either responsibility or imputability in the determination of the guilt or innocence of a defendant charged with negligent homicide and is, therefore, properly excludable at trial (MCL 750.324; MSA 28.556).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*Charles S. Rominger,* for defendant.

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 324 *et seq.,* 383 *et seq.*

Automobile: occupant's failure to use seat belt as contributory negligence. 92 ALR3d 9.

Nonuse of automobile seatbelts as evidence of comparative negligence. 95 ALR3d 239.

Before: MacKenzie, P.J., and Shepherd and M. E. Dodge,* JJ.

Shepherd, J. Defendant appeals by leave granted an order of the Kent Circuit Court granting the prosecutor's motion in limine to exclude evidence of the decedent's failure to wear a safety belt in this negligent homicide prosecution, MCL 750.324; MSA 28.556.

For purposes of appeal, the facts are not substantially in dispute. This case involved an automobile accident which occurred on April 10, 1987. Defendant's car was westbound and drifted over the highway center line, striking a pickup truck. The pickup truck driver was killed instantly. He was not wearing a seat belt. Defendant wishes to present an expert witness who would testify that decedent would not have died had he been wearing a seat belt. Defendant had not consumed any alcohol or drugs. She had a "clean" driving record according to the trial judge.

Defendant was charged with and bound over on negligent homicide. At a hearing conducted on October 12, 1987, the prosecutor moved to exclude evidence of decedent's failure to wear his seat belt. The trial court granted the motion. Defendant sought and was granted leave to appeal.

Defendant was charged with negligent homicide:

> Any person who, by the operation of any vehicle upon any highway or upon any other property, public or private, at an immoderate rate of speed or in a careless reckless or negligent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of a misdemeanor, punishable by imprisonment in the state prison not more than 2 years or by a fine of not more than

---

* Circuit judge, sitting on the Court of Appeals by assignment.

$2,000.00, or by both such fine and imprisonment. [MCL 750.324; MSA 28.556.]

It is settled in Michigan that decedent's contributory negligence is not a defense to a charge of negligent homicide, but the decedent's negligence may be considered by the jury as it might bear on the question of defendant's negligence or proximate cause. See *People v Clark,* 295 Mich 704, 708; 295 NW 370 (1940); *People v Campbell,* 237 Mich 424; 212 NW 97 (1927); *People v Barnes,* 182 Mich 179; 148 NW 400 (1914); *People v Phillips,* 131 Mich App 486; 346 NW2d 344 (1984).

Defendant argues that she will be able to show that decedent's failure to wear a seat belt, while not a defense to the charge, should be considered by the factfinder in determining whether defendant's negligence was the proximate cause of the fatality. The above-cited cases all relate to decedent's negligence in causing the accident. In this regard, *Phillips* is instructive. In that case, defendant struck and killed a bicyclist who was riding on the sidewalk. Defendant sought to introduce evidence that the victim had been smoking marijuana. We affirmed the exclusion of the evidence since there was no evidence that the alleged marijuana smoking affected the victim's ability to ride, i.e., there was no underlying evidence of contributory negligence in the cause of the accident.

Other states have rejected the victim's failure to wear a seat belt as a defense to vehicular homicide. See, e.g., *State v Nester,* 336 SE2d 187 (W Va, 1985); *Wren v State,* 577 P2d 235 (Alas, 1978). One prominent authority, cited with approval in the commentary to CJI 16:1:04, has stated "if an act of the deceased was a contributory cause of his death the problem is usually, though not necessarily, one of contributory negligence. Such negligence on the

part of the deceased . . . has no bearing upon either responsibility or imputability in the determination of guilt or innocence . . . if it was a substantial factor thereof, an act which is a direct cause of a socially harmful occurrence is always a proximate cause." Perkins, Criminal Law (3d ed), pp 785, 790.

Without question, the truck driver would be alive today were it not for the fact that defendant crossed the center line on April 10, 1987. His failure to wear a safety belt does not bear on the criminal conduct of defendant, however. It is that conduct which the statute is designed to punish. One member of this panel has previously expressed grave concern over the inconsistency, unfairness, and efficacy of this statute. See *People v Abramczyk,* 163 Mich App 473, 481-482; 415 NW2d 249 (1987) (Shepherd, J., concurring in part and dissenting in part). The wisdom of the statute is an issue for the Legislature. Since the evidence of the decedent's failure to wear his seat belt was not relevant to the criminal conduct of defendant it was properly excluded.

Affirmed.