PEOPLE v TIMS

Docket No. 133334. Submitted February 2, 1993, at Lansing. Decided
   November 1, 1993, at 9:55 A.M. Leave to appeal sought.
   Elmore Tims, Jr., was convicted by a jury in the Genesee Circuit
   Court, Philip C. Elliott, J., of negligent operation of a vehicle
   causing homicide. He appealed, alleging that the court erred in
   instructing the jury that the defendant's conduct had to be only
   "a substantial" cause of the accident rather than "the substan-
   tial" cause.
   The Court of Appeals held:
   MARILYN KELLY, J., stated that a defendant's conduct need
   not be the proximate or "the substantial" cause of an accident.
   Instead, it is enough that the defendant's conduct be a proxi-
   mate or "a substantial" cause. However, the Court of Appeals
   is bound by Supreme Court precedent that, in order for a
   defendant to be convicted of vehicular homicide, the defen-
   dant's conduct must be "the proximate cause" of the death. The
   defendant's conviction must be reversed and the case remanded
   for a new trial, at which the jury instructions should read "the
   substantial," not "a substantial," cause.
   WEAVER, J., concurred in the result only of Judge KELLY's
   opinion and in urging the Supreme Court to resolve the issue of
   the conflicting jury instruction.
   FITZGERALD, P.J., concurred in the result of Judge KELLY's
   opinion, but stated that in order for a defendant to be convicted
   of vehicular homicide, the defendant's conduct must be "the"
   proximate cause of the death not "a" proximate cause of the
   death.
   Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Robert E. Weiss,* Prose-
cuting Attorney, *Donald A. Kuebler,* Chief, Appel-
late Division, and *Edwin R. Brown,* Assistant Pros-
ecuting Attorney, for the people.

*Jerome F. O'Rourke* (*Robert D. Goldstein,* of
Counsel), for the defendant.

Before: FITZGERALD, P.J., and WEAVER and MARI-LYN KELLY, JJ.

MARILYN KELLY, J. Following a jury trial, defendant was convicted of negligent homicide. MCL 750.324; MSA 28.556. On appeal, he argues that the trial court erred in instructing the jury that defendant's conduct had to be only "a substantial" cause of the accident rather than "the substantial" cause. We reverse.

The fatal accident in this case occurred while defendant and Bobby Osborn were drag racing. Eyewitnesses estimated their vehicles to be traveling at between 70 and 90 miles per hour. Defendant's vehicle struck and killed the victim approximately three quarters of a mile beyond the start of the race. The victim was hit while running across the street to retrieve a ball. Defendant claimed the race had ended by the time the collision occurred. An accident reconstruction expert estimated that, at the point of impact, defendant was traveling at between 22 and 49 miles per hour. Defendant claimed that the victim ran out in front of his car, his senses impaired from drinking alcohol.

I

The crime of negligent homicide is the killing of a person through an act of ordinary negligence, which only becomes criminal when the victim dies. *People v Clark,* 171 Mich App 656, 659; 431 NW2d 88 (1988). A decedent's contributory negligence is not a defense to a charge of negligent homicide. *People v Clark,* 295 Mich 704, 708; 295 NW 370 (1940); *People v Richardson,* 170 Mich App 470, 472; 428 NW2d 698 (1988). However, the jury may consider the victim's negligence to the extent that it bears on the question of proximate cause or on

defendant's negligence. *Clark,* 295 Mich 708; *Richardson, supra.*

In this case, the trial court instructed the jury that it could consider the victim's conduct in determining whether defendant's driving was "a substantial" cause of the accident. Defendant argues that the jury instruction should have required a finding that his act was "the substantial" cause of the accident.

There is currently a split of authority in this Court relating to the causal connection necessary to prove vehicular homicide. Some panels have held that a defendant's conduct must be "the proximate" cause of the accident. *People v Scott,* 29 Mich App 549; 185 NW2d 576 (1971). Others have held that it need be only "a proximate" cause. *People v Dolen,* 89 Mich App 277; 279 NW2d 539 (1977). The current jury instruction states:

> If you find that [named deceased] was negligent, you may only consider that negligence in deciding whether the defendant's conduct was [the/a substantial] cause of the accident. [CJI2d 16.20.]

The commentary notes to CJI2d 16.20 indicate that the trial court must decide whether to follow *Scott* or *Dolen.* The phrase "a substantial cause" was taken from *Brisboy v Fibreboard Corp,* 429 Mich 540, 547; 418 NW2d 650 (1988). There, the Michigan Supreme Court indicated that, when numerous factors produced an injury, one actor's negligence was not a proximate cause unless it was "a substantial factor" producing the injury.

## II

*Scott* relied on the rationale in *Commonwealth v*

*Root,* 403 Pa 571; 170 A2d 310 (1961). In *Root,* the Pennsylvania Supreme Court ruled that the tort liability concept of proximate cause has no proper place in prosecutions for vehicular homicide. *Id. Scott* accepted this holding. Neither *Root* nor *Scott* addressed whether the contributory negligence of the decedent could be a defense to vehicular homicide.

Michigan courts have consistently maintained that contributory negligence is not a defense to a charge of negligent homicide. In *Dolen,* we indicated that the fatal flaw in *Scott* was the failure to recognize this principle. *Dolen,* 281. If the existence of another proximate cause of a fatal accident prevents a verdict of guilt against a defendant, contributory negligence is a good defense. *Id.* The *Dolen* court found no support for earlier cases holding that a defendant's negligent driving must be "the sole and only proximate cause" of the fatal accident. *Id.,* 280.

### III

Other jurisdictions follow the *Dolen* rationale. See *Fioretti v Delaware,* 245 A2d 170 (Del, 1968); *Connecticut v Alterio,* 154 Conn 23; 220 A2d 451 (1966). In *Alterio,* the Supreme Court of Connecticut recognized that contributory negligence is not a defense to a violation of a motor vehicle criminal homicide statute. The state has the burden to prove that "a proximate cause" of the death was the unlawful acts of the defendant. The state fails to meet its burden only if the conduct of the victim was an independent and efficient cause of his death. See *Alterio,* 29-30.

In *Fioretti,* the Delaware Supreme Court recognized that defendant's negligence need not be the

sole proximate cause of the fatal accident. *Fioretti,*
171. It is sufficient if the negligence was "one" of
the proximate causes. *Id.*

IV

We agree with the rationale advanced in *Dolen,*
*Fioretti,* and *Alterio.* We believe that a defendant's
conduct need not be the proximate or "the sub-
stantial" cause of an accident. Instead, it is enough
that his conduct be a proximate or "a substantial"
cause.

Instructing a jury that the defendant's conduct
was "a substantial" cause of the accident prevents
the jury from excusing the defendant's negligence
if the victim is contributorily negligent. Such an
instruction also allows the jury to look at the
victim's conduct to determine if the defendant's
conduct was "a substantial" cause of the fatal
accident. For example, a jury could conclude that
the defendant's conduct was not "a substantial"
cause of the accident if: (1) the victim's conduct
was an intervening and superseding cause of the
accident which the defendant could not foresee, or
(2) the victim's conduct was the sole and only
proximate cause of the injury. See *Clark,* 171 Mich
App 659; *Scott,* 555.[1]

V

Although we recognize that this Court has cre-
ated a conflict on this issue, we are precluded from

[1] In *Clark,* a panel of this Court indicated that, to exonerate a
defendant on a negligent homicide charge, the victim's contributory
negligence must be "a substantial" factor causing the injury. *Clark,*
659-660. We disagree with this ruling. Allowing the defendant to be
exonerated if the victim's negligence was "a substantial" factor would
mean that contributory negligence is a good defense to negligent
homicide. See *Dolen, supra.*

resolving it. No conflict exists on the issue within the Michigan Supreme Court. According to our Supreme Court, in order for a defendant to be convicted of vehicular homicide, his conduct must be "the proximate cause" of the death. *People v Layman,* 299 Mich 141, 145; 299 NW 840 (1941); *People v Townsend,* 214 Mich 267, 275; 183 NW 177 (1921); *People v Barnes,* 182 Mich 179, 199; 148 NW 400 (1914). We are bound by the doctrine of stare decisis and are powerless to overturn a decision of the Michigan Supreme Court. *Schwartz v Flint (After Remand),* 120 Mich App 449, 462; 329 NW2d 26 (1982), rev'd on other grounds 426 Mich 295; 395 NW2d 678 (1986).

Reluctantly, we must reverse and remand. On remand, we instruct the trial court that the jury instructions should read "the substantial" not "a substantial" cause. However, we urge our Supreme Court to take up this issue and clarify CJI2d 16.20, because we believe the better reasoned approach is found in *Dolen, Fioretti* and *Alterio.*

Reversed.

WEAVER, J. *(concurring).* I join in the result only of the lead opinion and agree with it in urging the Supreme Court to resolve this issue. The confusion created by the recent Court of Appeals cases[1] conflicting with the older Supreme Court cases[2] is reflected in the jury instruction, which states:

> If you find that [named deceased] was negligent, you may only consider that negligence in deciding whether the defendant's conduct was [the/a substantial] cause of the accident. [CJI2d 16.20.]

---

[1] *People v Dolen,* 89 Mich App 277; 279 NW2d 539 (1977), and *People v Abramczyk,* 163 Mich App 473; 415 NW2d 249 (1987).

[2] *People v Barnes,* 182 Mich 179; 148 NW 400 (1914), *People v Townsend,* 214 Mich 267; 183 NW 177 (1921), and *People v Layman* 299 Mich 141; 299 NW 840 (1941).

FITZGERALD, P.J. *(concurring)*. I agree with Judge MARILYN KELLY's ultimate resolution of this case. I write separately, however, because I do not agree with the conclusion that in order for a defendant to be convicted of vehicular homicide, his conduct must be "a" proximate cause of the death. *People v Dolen,* 89 Mich App 277; 279 NW2d 539 (1977). I believe that the defendant's conduct must be "the" proximate cause of the death. *People v Layman,* 299 Mich 141, 145; 299 NW 840 (1941). Thus, I would follow *People v Scott,* 29 Mich App 549; 185 NW2d 576 (1971).