[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
I.
Factual Background
The plaintiff, William Palmisano, filed the instant case alleging that as he entered the Caldor store in Bristol, Connecticut on December 13, 1988, a shopping cart was thrown at him by an unidentified youth. The plaintiff alleges that in an effort to prevent the shopping cart from hitting him in the head, he raised his arm and thereby received substantial injuries to his arm and right middle finger.
In the first count of the amended complaint, the plaintiff alleges that his injuries were a result of Caldor's negligence in failing to provide adequate security measures and personnel. Additionally, he alleges that it failed to warn its customers of these known dangers in order to enhance its own economic interests when it knew or should have known that a dangerous condition would develop. In the second count, the plaintiff alleges that the defendant's conduct also constitutes recklessness because it was willful.
The defendant has filed a motion to strike the second count of the plaintiff's amended complaint.
 II.
Discussion CT Page 9369
 A.
The purpose of a motion to strike is "to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). When ruling on a motion to strike, a court must construe the complaint in the manner most favorable to the pleader. Blancato v. Feldspar Corporation,203 Conn. 34, 36 (1987).
 B.
The defendant argues that the plaintiff cannot rely on the identical factual allegations in both the negligence and recklessness counts of the complaint. The plaintiff argues that the facts constituting negligence, when coupled with knowledge and/or intent, are sufficient to support a cause of action for recklessness.
"There is a wide difference between negligence and a reckless disregard of the safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." Dumond v. Denehy, 145 Conn. 88, 91 (1958); Brock v. Waldron, 127 Conn. 79, 80 (1940). In Dumond v. Denehy, supra, the court, in holding that the complaint fell far short of alleging a cause of action for reckless or wanton misconduct, stated "[s]imply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." Id, 91.
In the present case, the plaintiff has incorporated all the allegations of the first count (negligence) into the second count (recklessness). The only allegations in the second count that are not contained in the first count are that the defendant had knowledge of the potential for injury to others and that the acts that constituted negligence were willful on Caldor's part. This is not enough.
"[W]here one count of a complaint sounds in negligence and another count attempts to state a cause of action for recklessness by relying on the same fact pattern as the negligence count and simply referring to such conduct as reckless, a cause of action for recklessness has not been sufficiently alleged." Varlese v. Beers, 3 Conn. L. Rptr. 474 (1961) (Sullivan, J.). CT Page 9370
The present case cannot be distinguished from Varlese even though the plaintiff has alleged "willful" rather than "reckless" conduct. See State v. Alterio, 154 Conn. 23, 25-26
(1966) ("[w]illful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of willful misconduct."). Therefore, the motion to strike the second count of the plaintiff's amended complaint is granted.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT