## State v. Mitchell
*[Cite as 2 AOA 115]*

*Case No. 3-88-27*
*Crawford County, (3rd)*
*Decided March 28, 1990*

*R.C. 2903.06*
*R.C. 4513.26.3*

Moulton, Ricksecker, Wagner & Hoover, Mr. John L. Wagner, Attorney at Law, 118 Harding Way West, P.O. Box 576 Galion, Ohio 44883, For Appellant.

Bricker & Eckler, Mr. Joseph S. Gill, Attorney at Law 100 South Third Street Columbus, Ohio 43215 For Appellant.

Mr. Stanley Flegm Prosecuting Attorney Mr. Russell B. Wiseman, P. O. Box 509 Bucyrus, Ohio 44820, For Appellee.

GUERNSEY, J.

This is an appeal by the defendant, Michael R. Mitchell, Jr., from a judgment convicting and sentencing him on an indictment charging that he did "while operating or participating in the operation of a motor vehicle, recklessly cause the death of Craig S. Yochem, in violation of Section 2903.06 of the Ohio Revised Code, Aggravated Vehicular Homicide, a Felony of the Fourth Degree," together with a specification to support an indefinite term that during the commission of the offense he caused physical harm to the deceased.

The matter was tried to the court without a jury. During the course of the trial the court sustained an objection to a question as to whether the deceased or the witness driver of the car in which the deceased was a passenger were wearing set belts at the time of the collision between that car and the defendant's car. The defendant thereupon proffered "that the witness would testify that neither he nor his passenger, Craig Yochem, was wearing a seat belt." The issue of the admissibility of such testimony had also been raised at the close of the defendant's opening statement before the first witness was called. At that time the trial court stated ambiguously its reasons for excluding the testimony in essence, that R.C. 4513.263, the seat belt statute, excluded such testimony in criminal cases.

Defendant's sole assignment of error is that the trial court erred in refusing to admit evidence that the decedent, Yochem, was not wearing a seat belt.

The thrust of defendant's argument is that the court's ruling was actually based on the provisions of R.C. 4513.263(G)(3), which barred such evidence in civil tort actions against vehicle manufacturers; that the court's reliance thereon as prohibiting such evidence in a criminal action was misplaced; that the provisions of R.C. 4513.263(G)(1) are applicable to criminal actions as well as civil actions but do not prohibit such evidence in the trial of this aggravated vehicular homicide case; that, in any event, such evidence "is admissible, as bearing on the issue of aggravating injuries, which would have been much less had the decedent not been thrown out of the car;" and that in "the context of this case, the aggravated injuries caused the death, and that is the offense charged." Defendant also claims that the

evidence of use of the seat belt by the deceased bears on the issue of whether the defendant acted "recklessly."

We agree that the trial court's reliance on the provisions of R.C. 4513.263(G)(3), pertaining to tort actions against vehicle manufactures, was misplaced. but we do not agree with defendant that the provisions of R.C. 4513.263(G)(1) do not prohibit the admission of seat belt evidence in this case. To the extent applicable those provisions, with emphasis added, are:

" * * *

"(B) No person shall do any of the following:
" * * *

"(3) Occupy, as a passenger, a seating position *on the front seat* of an automobile being operated on any street or highway unless he is wearing all of the *available* elements of a properly adjusted occupant restraining device.
" * * *

"(G)(1) Subject to division (G)(2) of this section, *the failure of a person to wear all of the available elements* of a properly adjusted occupant restraining device * * * in violation of division (B) of this section shall not be considered or used as evidence of negligence or contributory negligence, shall not diminish recovery for damages in any civil action *involving the person* arising from the ownership, maintenance, or operation of an automobile, shall not be used as a basis for a criminal prosecution *of the person* other than a prosecution for a violation of this section, and *shall not be admissible as evidence in any* civil or *criminal action involving the person* other than a prosecution for the violation of division (B) of this section. * * *."

It will be observed that throughout these provisions the word "person" pertains only to the person failing to wear the seat belt. In that context the last clause of subdivision (G)(1) prohibits admission of evidence of the failure to wear an available seat belt in any criminal action involving the person not wearing the seat belt other than in a prosecution against him for such violation. Although criminal statutes are normally construed in favor of the accused, construction is not necessary when the provisions are not ambiguous and plain on their face, as they are here. We can think of no person more highly involved in an aggravated vehicular homicide case than is the deceased. In our opinion the statute plainly prohibited the evidence in this case as to any failure of the deceased to wear a seat belt in the manner prescribed by law.

Even were it concluded that the seat belt statute did not prohibit the admission in evidence of the failure of the deceased to wear a seat belt, such evidence was properly not admissible because it was not relevant to the proof of the elements of the offense.

R.C. 2903.06 prohibits and defines the offense with which the defendant was charged in the following words:

"(A) No person, while operating * * * a motor vehicle * * * shall recklessly cause the death of another."

R.C. 2901.22 (C) defines recklessly as follows:

"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature * * *."

Defendant makes a tenuous claim as to a distinction existing between a defendant causing the death of another (in the words of the statute), and a defendant's conduct being the proximate cause of the death of another. He would have us believe that evidence of the lack of a seat belt was admissible to show the cause of the death of the passenger, divorcing such cause from any conduct of the defendant. However, the statute makes it a crime for the *defendant* to "recklessly cause the death of another." This crime is complete when the defendant while operating a motor vehicle sets in motion with the required state of mind the chain of conduct and events resulting in the death of another. The operator's culpability is determined when death occurs. He may "luck out" if death is prevented by the fact that a potential victim is wearing a seat belt, but he is none the less culpable because death occurs whether or not the decedent had been wearing a seat belt. Thus, when death has occurred seat belt evidence has nothing to do with whether each of the statutory elements of the crime have been proved by other evidence. Accordingly, it is our opinion that independently of the seat belt statute such evidence was not relevant to the proof of the elements of the alleged crime and was not admissible in any event.

As previously noted the defendant made a final claim that the seat belt evidence was admissible to prove that the defendant was not acting recklessly. We reject that claim because we see no connection or relevancy to that element of proof.

We find the assignment of error not well taken and conclude that the judgment of conviction must be affirmed.

*Judgment affirmed.*

SHAW, P.J., and BRYANT, J., Concur.

J. THOMAS GUERNEY, J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.