OPINION
{¶ 1} Gregory Winkle appeals from his conviction of Aggravated Vehicular Assault with a specification that he was driving under suspension at the time of the offense, pursuant to his guilty plea. Winkle was sentenced to a term of five (5) years in prison. *Page 2 
 {¶ 2} The facts underlying this appeal are set out in Winkle's brief, and are essentially as follows:
 {¶ 3} On December 14, 2006, Winkle lost control of his 1997 Jeep Cherokee while turning a corner in a reckless manner, resulting in a head-on collision with a car stopped at a red light at the intersection of Sunset Avenue and Selma Road in Springfield, Ohio. (Plea T. 4.) After the crash, the other driver got out of the car, and Winkle, fearing arrest and believing the occupants of the other car to be uninjured, ran away before police arrived. (Disposition T. 11-12.) Unbeknownst to Winkle, a seven-year-old girl, Kylie Henry, was seated in the back seat and had been seriously injured in the crash. The child suffered a broken nose, fractured cheeks, fractured jaw and fractured eye socket. She underwent extensive surgeries to reconstruct her face. The child's loss of vision in her right eye may be permanent, and she suffers from seizures. Ashley Nance, the passenger, sustained a fractured foot and had to have surgery to reattach her toes. The driver, Tina Nance, sustained a fractured knee, a compound fracture of her right ankle, and a shattered right heel. Tina and Ashley Nance were found to be intoxicated at the time of the accident, and none of the victims was wearing a seatbelt. Winkle entered a guilty plea to Aggravated Vehicular Assault, R.C. § 2903.08, with a specification that he committed the offense while driving under a suspension imposed under R.C. Chapter 4510, making the offense a third-degree felony.
 {¶ 4} At sentencing, the prosecuting attorney took no position regarding the sentence the court should impose on Winkle. The prosecutor stated he believed that Winkle was remorseful for the injuries he caused the child. Winkle stated he was terribly sorry for causing the injuries to the victims. He stated he would never have fled *Page 3 
the scene had he known there was a child in the vehicle he struck. He stated he viewed the photographs of the child's injuries and it broke his heart. (T. 7.) Winkle stated he was ready to accept full responsibility for his actions and he was prepared to accept whatever sentence the court chose to impose. (T. 8.) The trial court noted the seriousness of the injuries to the victims and that Winkle had a couple prior convictions for drug related offenses. Although the trial court agreed that the victims' injuries may not have been as severe had they worn seat belts, the court stated that would properly be a factor for a civil jury to consider. The trial court then imposed a five-year sentence upon Winkle and ordered him to make restitution to the victims.
 {¶ 5} Winkle argues that the trial court's sentence is contrary to the principles of sentencing in R.C. 2929.12. Winkle argues the trial court failed to consider three specific mitigating factors — that the victim induced or facilitated the offense, that the offender did not cause or expect to cause physical harm to any person or property, and lastly, that the offender shows genuine remorse for the offense.
 {¶ 6} Winkle notes that the child's parents failed to secure her in a seatbelt, increasing the likelihood of her injury from his conduct. Winkle argues that the trial court gave no weight to the fact many of the child's injuries would not have occurred had she been wearing a seatbelt. Winkle argues that injuries caused from a traffic accident cannot be said to be "expected." And, lastly, Winkle says the trial court failed to acknowledge that he was genuinely remorseful, but, instead, noted that he demonstrated a pattern of drug or alcohol abuse which he refused to acknowledge.
 {¶ 7} The State, for its part, argues that the trial court did not abuse its discretion in imposing the five-year sentence. The State notes that the trial court considered the *Page 4 
seriousness and recidivism factors with specific reference to the serious injuries caused the victims by Winkle's conduct. The court noted that the child's injuries would probably last a lifetime. The State notes the trial court did not agree with Winkle that the victims' behavior mitigated the seriousness of his actions. The State also notes that the trial court considered Winkle's prior convictions for drug related offenses and the fact that he engaged in criminal acts less than 50 days after leaving prison.
 {¶ 8} R.C. 2929.12(C) provides that the sentencing court shall consider all of the following that apply regarding the offender, the offense, the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 9} "(1) the victim induced or facilitated the offense.
 {¶ 10} "* * *"
 {¶ 11} There is a dearth of authority interpreting R.C. 2929.12(C)(1). In State v. Mitchell (1990), 67 Ohio App.3d 123, 586 N.E.2d 196, the court of appeals held the issue of whether the deceased was wearing a seat belt was not relevant in a prosecution for aggravated vehicular homicide. Judge Guernsey wrote on behalf of the court:
 {¶ 12} "Defendant makes a tenuous claim as to a distinction existing between a defendant causing the death of another (in the words of the statute), and a defendant's conduct being the proximate cause of the death of another. He would have us believe that evidence of the lack of a seat belt was admissible to show the cause of the death of the passenger, divorcing such cause from any conduct of the defendant. However, the statute makes it a crime for the defendant to `recklessly cause the death of another.' *Page 5 
This crime is complete when the defendant, while operating a motor vehicle, sets in motion with the required state of mind the chain of conduct and events resulting in the death of another. The operator's culpability is determined when death occurs. He may `luck out' if death is prevented by the fact that a potential victim is wearing a seat belt, but he is nonetheless culpable because death occurs when the decedent had not been wearing a seat belt. Thus, when death has occurred, seat belt evidence has nothing to do with whether each of the statutory elements of the crime have been proved by other evidence. Accordingly, it is our opinion that, independently of the seat belt statute, such evidence was not relevant to the proof of the elements of the alleged crime and was not admissible in any event.
 {¶ 13} "As previously noted, the defendant made a final claim that the seat belt evidence was admissible to prove that the defendant was not acting recklessly. We reject that claim because we see no connection or relevancy to that element of proof." (Emphasis sic.) Id. At 126-27.
 {¶ 14} Winkle did not claim that the victims' failure to wear seatbelts was a defense to the crime of aggravated vehicular assault. He claimed it was relevant to whether he demonstrated the mitigating factor that the victims "facilitated" the offense by their negligence in not wearing seatbelts. While the adults who were victims may have facilitated Winkle's offense by not wearing their seatbelts, the child victim certainly could not have been expected to protect herself by using her seatbelt. The charge to which Winkle pleaded guilty did not specify who was the victim, so the trial court properly treated her as the "victim" for R.C. 2929.12(C)(1) purposes.
 {¶ 15} Winkle further contends the trial court did not consider that he was *Page 6 
genuinely remorseful for the offense he committed. There is, however, no indication that the trial court did not consider Winkle's remorse genuine. There is also no evidence the trial court did not consider that Winkle did not expect to cause physical harm to the victims. The trial court did give special weight to the seriousness of the injuries caused by Winkle's reckless conduct, coupled with Winkle's previous convictions for drug offenses. Winkle has failed to demonstrate that the trial court's sentence was contrary to law, or was the result of an abuse of discretion on the trial court's part. The appellant's assignment of error is Overruled. The Judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.
Copies mailed to:
 Hon. Richard P. Carey *Page 1